**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Pineapple34, LLC,**<br>Plaintiff,<br>v.<br>**Dynabook, Inc.,**<br>Defendant. | Case No. 6:21-cv-149<br>Patent Case<br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pineapple34, LLC ("Plaintiff"), through its attorneys, complains of Dynabook, Inc. ("Defendant"), and alleges the following:

## PARTIES

1. Plaintiff Pineapple34, LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 539 W. Commerce St, Suite 1983, Dallas, Texas 75208.

2. Defendant Dynabook, Inc. is a corporation organized and existing under the laws of Japan that maintains an established place of business at NBF Toyosu, Garden Front Bldg., Toyosu 5-6-15, Koto-ku, Tokyo, Japan.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant has committed acts of patent infringement in this District, and Defendant is a foreign corporation.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,697,251; 7,068,499 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '251 PATENT

8. The '251 Patent is entitled "Modular computer user interface system," and issued 02/24/2004. The application leading to the '251 Patent was filed on 06/25/2001. A true and correct copy of the '251 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '251 Patent is valid and enforceable.

## THE '499 PATENT

10. The '499 Patent is entitled "Modular computer user interface system," and issued 06/27/2006. The application leading to the '499 Patent was filed on 02/24/2004. A true and correct copy of the '499 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The ’499 Patent is valid and enforceable.

**COUNT 1: INFRINGEMENT OF THE ’251 PATENT**

12. Plaintiff incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the ’251 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the “Exemplary Defendant Products”) that infringe at least the exemplary claims of the ’251 Patent also identified in the charts incorporated into this Count below (the “Exemplary ’251 Patent Claims”) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the ’251 Patent have been made, used, sold, imported, and/or offered for sale by or on behalf of Defendant and/or its customers.

14.

15. Exhibit 3 includes charts comparing the Exemplary ’251 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’251 Patent. As shown in the charts, each element of the Exemplary ‘251 Patent Claims is found in the Exemplary Defendant Products. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’251 Patent Claims.

16. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## COUNT 2: INFRINGEMENT OF THE '499 PATENT

18. Plaintiff incorporates the above paragraphs herein by reference.

19. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '499 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '499 Patent also identified in the charts incorporated into this Count below (the "Exemplary '499 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '499 Patent have been made, used, sold, imported, and/or offered for sale by or on behalf of Defendant and/or its customers.

20. Exhibit 4 includes charts comparing the Exemplary '499 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '499 Patent. As shown in the charts, each element of the Exemplary '499 Patent Claims is found in the Exemplary Defendant Products. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '499 Patent Claims.

21. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

22. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

23. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '251 Patent is valid and enforceable

B. A judgment that the '499 Patent is valid and enforceable

C. A judgment that Defendant has infringed directly one or more claims of the '251 Patent;

D. A judgment that Defendant has infringed directly one or more claims of the '499 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '251 Patent.

G. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '499 Patent.

H. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney fees against Defendant that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 16, 2021

Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Pineapple34, LLC**